UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

ANTHONY S. ALLEN, III

v.      Record No. 0527-13-1

LINDA L. ALLEN

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 17, 2013

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Soyoung Lee; Sae W. Lee; Lee & Meier, PLLC, on brief), for
appellant.  Appellant submitting on brief.

(Jeffrey M. Summers, on brief), for appellee.  Appellee submitting
on brief.

Anthony S. Allen, III (husband) appeals an order clarifying Linda L. Allen's (wife's)

interest in husband's retirement.  Husband argues that the trial court erred by (1) receiving parol

evidence where the parties' memorandum of agreement (the Agreement) is a fully integrated

document into their final decree; (2) modifying the terms of the Agreement where there is no

ambiguity; and (3) ordering the entry of a Qualified Domestic Relations Order (QDRO) when the

trial court had no jurisdiction to do so because the final divorce did not provide for the entry of a

QDRO.  We find no error, and affirm the decision of the trial court.

BACKGROUND

On October 13, 1984, the parties married, and on March 2, 2005, the parties separated.

With the assistance of a mediator, the parties reached an agreement regarding equitable

distribution, spousal support, custody, visitation, and child support.  On January 23, 2006, the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

parties signed the Agreement, which included the following provision: "Wife shall receive 40% of the General Motors retirement and 40% of the United States Marine Corps retirement with a cap at $2,500 for each pension. In the event Wife remarries, the USMC pension shall be forfeited."

The parties divorced in 2006, and the Agreement was incorporated into the final decree of divorce.[1] Husband subsequently gave wife a check for $2,500 for her share of the General Motors retirement. Wife did not deposit the check and, instead, filed a motion with the trial court seeking clarification of the retirement provision of the Agreement.

On July 18, 2012, the trial court heard evidence and argument regarding the parties' Agreement. On February 20, 2013, the trial court entered an order clarifying that wife was entitled to forty percent of husband's monthly military retirement pay from the United States Marine Corps, with a cap of $2,500 per month, and forty percent of husband's monthly pension from General Motors, with a cap of $2,500 per month. The trial court directed wife to submit a Qualified Domestic Relations Order. This appeal followed.

## ANALYSIS

### *Assignment of error 1 – Parol evidence*

Husband argues that the trial court erred by receiving parol evidence to interpret the terms of the Agreement.

The Agreement between husband and wife is governed by the same rules of construction as are applicable to other contracts. Plunkett v. Plunkett, 271 Va. 162, 166, 624 S.E.2d 39, 41 (2006).

---

[1] The record does not include a copy of the final decree of divorce, but both parties acknowledge that the Agreement was incorporated into the final decree of divorce.

The parties differed in their interpretations of the retirement provision in the Agreement. Wife argued that the language in the Agreement meant that she received forty percent of husband's monthly retirement pay from General Motors and the military, with a cap on each of $2,500 per month, whereas husband argued that wife received forty percent of his retirement, with a cap on each of a lump-sum payment of $2,500.

"The question whether contract language is ambiguous is one of law, not fact. Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal." Id. at 166-67, 624 S.E.2d at 41 (citing Tuomala v. Regent Univ., 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996)). "A contract is not ambiguous merely because the parties disagree as to the meaning of the terms used." Id. at 167, 624 S.E.2d at 42. Here, however, the contract is ambiguous because an objectively reasonable reading of the language in the contract is susceptible of being understood "in more than one way." Pocahontas Mining LLC v. Jewell Ridge Coal Corp., 263 Va. 169, 173, 556 S.E.2d 769, 771 (2002) (citations omitted).

"'When the language of a contract is ambiguous, parol evidence is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties . . . [and] to determine *the intention of the parties.*'" Stroud v. Stroud, 49 Va. App. 359, 367, 641 S.E.2d 142, 146 (2007) (quoting Tuomala, 252 Va. at 374, 477 S.E.2d at 505 (citations omitted) (emphasis added)). Therefore receiving parol evidence was appropriate. Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632, 561 S.E.2d 663, 667-68 (2002).

*Assignment of error 2 – Modifying the terms of the Agreement*

Husband argues that the trial court erred by modifying the terms of the Agreement because it "essentially wrote in 'per month' into a contract negotiated and executed by the parties."

On review, our task is to "construe the contract made by the parties . . . [asking] what did the parties agree to as evidenced by . . . the words they have used." Irwin v. Irwin, 47 Va. App. 287, 293, 623 S.E.2d 438, 441 (2005). In that role, the contract's provisions "are to be harmonized when possible." Virginian Ry. Co. v. Hood, 152 Va. 254, 258, 146 S.E. 284, 285 (1929).

In the case at bar, the testimony offered by the parties suggests that the intent behind the Agreement was to address the monthly pension payments and subject them to a monthly cap. Wife testified that she and husband negotiated the terms of the retirement provision. At first, she requested fifty percent of his monthly retirement. She explained that ultimately, they agreed to her receiving forty percent of his monthly retirement, with a cap of $2,500 per month. She testified that their intent was for her to receive a monthly amount. Wife further explained that if she remarried, she would lose the military retirement.

As the trial court noted, if the parties intended for wife to receive a lump-sum payment, she would reach the cap on the General Motors retirement in two months and the cap on the military retirement in three months. If the Court accepted husband's argument that the payments were lump-sum payments, the forfeiture clause, where wife would lose her interest in the military retirement if she remarried, would be a nullity. The Agreement must be considered as a whole, and the two sentences need to be "harmonized so as to effectuate the intention of the parties." Plunkett, 271 Va. at 168, 624 S.E.2d at 42.

Moreover, the terms of the Agreement express wife's share as a forty percent interest in the pensions which are paid periodically, not paid in a lump sum. Interpreting the terms of the Agreement to allow husband to make a one-time lump-sum payment of $2,500 and discharge the ongoing obligation of forty percent of the monthly pension payments would create an internal

inconsistency. Interpreting the intent of the parties as expressed by the words they used in their Agreement does not result in a modification of the Agreement, as husband suggests.

*Assignment of error 3 – Jurisdiction to enter a QDRO*

Husband argues that the trial court did not have jurisdiction to order the entry of a QDRO when such order was not part of the final decree of divorce. Husband, however, failed to include a copy of the final decree in the record. Under the circumstances, we believe that the final decree should have been included; however, since the third assignment of error raises the question of jurisdiction to act, we believe that we can reach the issue without the final decree being included in the record because Code § 20-107.3(K)(4) provides "continuing authority and jurisdiction" to "modify any order entered" that is intended to "affect . . . any pension."

"Such modification, however, must be 'consistent with the substantive provisions of the original decree' and not 'simply to adjust its terms in light of the parties' changed circumstances.'" Williams v. Williams, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000) (quoting Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994)).

Here, in light of its ruling regarding the interpretation of the retirement provision, the trial court ordered wife to submit a QDRO for entry once General Motors approved it. Pursuant to Code § 20-107.3(K)(4), the trial court had the power and authority to modify the final decree, and allow for entry of a QDRO, consistent with the terms of the Agreement.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.